1
2
3

# UNITED STATES DISTRICT COURT

4

## DISTRICT OF NEVADA

5  LUIS REYES-CASTILLO,                                    Case No. 2:24-cv-02315-GMN-EJY

6                                   Petitioner,

7        v.                                                          **ORDER**

8  WARDEN CHESTNUT, et al.,

9                                   Respondents.

10        Petitioner Luis Reyes-Castillo, a federal inmate in custody at the Nevada Southern

11  Detention Center ("NSDC"), filed a petition for writ of habeas corpus (ECF No. 1-1).  Reyes-

12  Castillo has not commenced this habeas action by either paying the standard $5.00 filing fee or

13  filing an application for leave to proceed *in forma pauperis* ("IFP"). In addition, Reyes-Castillo

14  filed a purported habeas petition that is not on the court-required form.  After initial review under

15  the Rules Governing 2254 Cases, the Court dismisses the petition without prejudice.

16        Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a

17  response unless it "plainly appears" the petitioner is not entitled to relief. *See Valdez v.

18  Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  This rule allows courts to screen and dismiss

19  petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by

20  procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v.

21  Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

22        Federal law provides two main avenues to relief for legal challenges to incarceration: (1)

23  a petition for writ of habeas corpus, 28 U.S.C. § 2241, 2254, 2255; and (2) a civil rights

24  complaint, 42 U.S.C. § 1983.  If success on a claim would not necessarily lead to a petitioner's

25  immediate or earlier release from custody, the claim falls outside "the core of habeas corpus."

26  *See Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016).  Such claims must be brought, if at

27  all, under § 1983.  If a prisoner does not challenge the fact of his confinement, but instead the

28  conditions under which he is held, he must file a civil rights complaint. *Id*. at 933 ("[P]risoners

1    may not challenge mere conditions of confinement in habeas corpus.") (citing *Crawford v. Bell*,

2    599 F.2d 890, 891–92 (9th Cir. 1979)).

3         Here, the petition fails to state a cognizable habeas claim. Reyes-Castillo asserts that after

4    inmates complete a disciplinary sentence, they are arbitrarily moved to administrative detention

5    where they are housed in solitary confinement, rather than released into the general population,

6    without prior criteria, notice, and a detailed explanation of the reasons for such confinement, and

7    he requests this Court order the NSDC to follow the Federal Performance Based Detention

8    Standards and other required standards. ECF No. 1-1 at 1-7.  He asserts NSDC fails to provide

9    adequate mental health services and uses excessive force against inmates. *Id.*  It is unclear

10   whether Reyes-Castillo claims he is personally subject to such treatment or raises his claims in

11   general or on behalf of other inmates. *Id.*  To the extent the claims concern his conditions of

12   confinement, if he were to succeed on his claims, it would result only in changes to his

13   conditions of confinement.  Reyes-Castillo would not be released from custody any sooner.

14   Because success on Reyes-Castillo's claims would not lead to his immediate or speedier release,

15   they do not fall in the "core" of habeas and must be brought, if at all, in a civil rights complaint.

16        The Court declines to recharacterize Reyes-Castillo's petition as a civil rights complaint.

17   When a habeas petition is amenable to conversion on its face, federal courts may construe the

18   petition to plead civil rights claims. *See Nettles*, 830 F.3d at 935-36.  However, habeas actions

19   and prisoner civil rights cases "differ in a variety of respects—that may make recharacterization

20   impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without

21   prejudice of his petition for habeas corpus." *Id.*  Here, the petition is not amenable to conversion

22   on its face based on the differences between habeas and civil rights cases and because it is not

23   clear whether recharacterization would disadvantage Reyes-Castillo.  The Court therefore

24   dismisses the petition without prejudice and instructs the Clerk of Court to send Reyes-Castillo

25   the approved form and instructions for filing a 42 U.S.C. § 1983 complaint.

26        It is therefore ordered that Petitioner Luis Reyes-Castillo's petition for writ of habeas

27   corpus (ECF No. 1-1) is dismissed without prejudice.

28        It is further ordered that Reyes-Castillo is denied a certificate of appealability, as jurists

of reason would not find the dismissal of this action debatable or wrong.

It is further ordered that the Clerk of Court will send to Reyes-Castillo the approved form and instructions for filing a 42 U.S.C. § 1983 complaint.

It is further ordered that the Clerk of Court will send to Reyes-Castillo a blank form IFP application for incarcerated litigants along with instructions, and a copy of this Order.

It is further ordered that the Clerk of the Court will enter final judgment and close this case.

DATED: December 18, 2024

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE